UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HOSSEIN KAVEH; FARANAK SEDARAT; and BANOU AFSAR SEDARAT,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING STARBUCKS' MOTION RE: PLAINTIFFS' FAILURE TO OBEY COURT ORDER (DOC. NO. 52)**<br><br>Case No. 2:24-cv-00291<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Hossein Kaveh, Faranak Sedarat, and Banou Afsar Sedarat filed this case against Starbucks Corporation, bringing discrimination and defamation claims in connection with a November 2023 incident at a Starbucks location in Midvale, Utah.[1] Starbucks has filed a motion for sanctions, seeking dismissal of the case due to Plaintiffs' alleged failure to comply with a discovery order.[2] Because Starbucks fails to demonstrate case-terminating sanctions (or any other sanctions) are merited, Starbucks' motion is denied.

---

[1] (*See* Am. Compl., Doc. No. 5.)

[2] (Mot. Re: Pls.' Failure to Obey Ct. Order Dkt 47 (Mot.), Doc. No. 52.)

Starbucks filed a prior discovery motion seeking sanctions and to compel discovery responses.[3] At a hearing on June 17, 2025, the court denied the request for sanctions but ordered Plaintiffs to respond to certain interrogatories and requests for production relating to their medical treatment by June 27, 2025.[4] This date was agreed on by the parties at the hearing, and Plaintiffs' counsel indicated he would notify Starbucks' counsel if he had difficulty obtaining responsive medical records within that timeframe. The court's oral ruling was memorialized in a written order issued the day after the hearing.[5]

On June 30, one business day after the June 27 response deadline, Starbucks filed the instant motion for case-terminating sanctions.[6] Starbucks asserts Plaintiffs provided incomplete and unverified supplemental interrogatory responses on June 28, identifying medical providers/facilities for only a portion of the requested time period.[7] Attaching 226 pages of produced records, Starbucks also claims Plaintiffs provided incomplete, "heavily and improperly redacted" medical records.[8] Citing Rule 37(b)(2) of

---

[3] (Starbucks Corp.'s Short Form Disc. Mot. Re: Pl.'s Deficient Disclosures and Resps. to First Set of Reqs. for Admis., Interrogs., and Produc. of Docs., Doc. No. 42.)

[4] (*See* Min. Entry, Doc. No. 49; Order Granting in Part and Den. in Part Starbucks Corp.'s Short Form Disc. Mot. Re: Pl.'s Deficient Disclosures and Resps. (Order on First Disc. Mot.), Doc. No. 47.)

[5] (Order on First Disc. Mot., Doc. No. 47.)

[6] (Mot., Doc. No. 52.)

[7] (*Id.* at 1–2.)

[8] (*Id.* at 2; Ex. B to Mot., Doc. No. 54 (sealed).)

the Federal Rules of Civil Procedure, Starbucks argues the court may sanction Plaintiffs by prohibiting them from supporting their claims, striking their pleadings in whole or in part, or dismissing the action in whole or in part.[9]  Starbucks appears to specifically seek dismissal, arguing "Plaintiffs had notice of risk of dismissal and lesser sanctions are inadequate."[10]  Starbucks also argues it had no obligation to meet and confer before filing a motion seeking sanctions for violations of a prior discovery order.[11]

As an initial matter, Starbucks relies on Rule 37(a)(4) for the proposition that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[12]  But in doing so, Starbucks omits the first part of this provision, which states in full: "*For purposes of this subdivision (a),* an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[13]  Subdivision (a) of Rule 37 governs motions to compel disclosure or discovery.[14]  Starbucks' motion is not a motion to compel under Rule 37(a); it is a motion for sanctions under Rule 37(b)(2).  Accordingly, Rule 37(a)(4) is inapplicable.

As relevant here, Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders," which "may

---

[9] (Mot. 2, Doc. No. 52.)

[10] (*Id.*)

[11] (*Id.* at 3.)

[12] (*Id.* at 2 (quoting Fed. R. Civ. P. 37(a)(4)).)

[13] Fed. R. Civ. P. 37(a)(4) (emphasis added).

[14] Fed. R. Civ. P. 37(a).

include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; . . . [or] (v) dismissing the action or proceeding in whole or in part . . . ."[15] Courts should consider several factors before imposing dismissal as a sanction (or any sanction with the same force and effect), generally known as the *Ehrenhaus* factors.[16] These factors include "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for its noncompliance; and (5) the efficacy of lesser sanctions."[17] Dismissal is "an extreme sanction, appropriate only when the aggravating factors like bad faith or willfulness outweigh the judicial system's strong predisposition to resolve cases on their merits."[18]

Here, although Starbucks identifies some deficiencies in the responses—namely, that they are unverified, incomplete as to the timeframe, and a day late—Starbucks' own exhibits show Plaintiffs made a substantial production of medical records (226 pages) and provided twenty pages of supplemental information in response to the interrogatories. In other words, Plaintiffs did not outright ignore the court's order but,

---

[15] Fed. R. Civ. P. 37(b)(2)(A).

[16] *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[17] *HCG Platinum, LLC*, 873 F.3d at 1203 (citation modified).

[18] *Id.* at 1204 (citation modified).

instead, appear to have made substantial efforts to comply. And because Starbucks chose to file its motion without a conferral, it is unclear whether Plaintiffs are still in the process of obtaining additional information and documents (which, based on their counsel's statements at the hearing, is a possibility).

But even assuming Plaintiffs did not fully comply with the court's order, Starbucks fails to show any of the *Ehrenhaus* factors support dismissal. Plaintiffs' culpability and the amount of interference with the judicial process (the second and third factors) are minimal, where Plaintiffs made a substantial production and supplemental responses within one day of the deadline. To the extent Plaintiffs' response remains incomplete, there is no indication this is due to willfulness or bad faith—particularly given the tight deadline and the breadth of the information and documentation requested. Likewise, deficiencies such as a lack of verification are easily remedied; there is no evidence this resulted from bad faith rather than mere oversight. As to the first factor (actual prejudice), Starbucks fails to identify any prejudice which could not be alleviated simply by allowing Plaintiffs to remedy any deficiencies in their responses. To the extent this may require an extension of fact discovery (set to close on July 12, 2025), Starbucks fails to show actual prejudice resulting from a delay, where there have been no prior extensions of the case schedule. As to the fourth factor (prior warnings), the court has not entered any prior orders warning Plaintiffs that dismissal is a likely sanction for noncompliance. Finally, Starbucks has not shown lesser sanctions would be ineffective. In sum, Starbucks fails to demonstrate the extreme sanction of dismissal is appropriate—or that any other sanctions are merited here.

Finally, regardless of whether a conferral is *required* before filing a motion for sanctions, meeting and conferring with opposing counsel reflects best practices and is the most professional and civil approach to resolving discovery disputes. This is now the third sanctions motion Starbucks has filed based on claims that Plaintiffs' discovery responses are deficient, none of which resulted in sanctions being imposed.[19] Starbucks is reminded that sanctions, particularly case-terminating sanctions, under Rule 37(b)(2) are "a weapon of last, rather than first, resort."[20] Rather than moving for sanctions as a "first resort," Starbucks may be better served by conferring with Plaintiffs in good faith regarding any deficiencies in discovery responses, and permitting a reasonable time for Plaintiffs to remedy them.

## CONCLUSION

Because Starbucks fails to demonstrate dismissal or lesser sanctions are merited, Starbucks' motion[21] is denied.

DATED this 2nd day of July, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[19] (*See* Doc. Nos. 42, 45, & 52.) Starbucks voluntarily withdrew one of these motions. (*See* Doc. No. 50.)

[20] *HCG Platinum, LLC*, 873 F.3d at 1204 (quoting *Ehrenhaus*, 965 F.2d at 920).

[21] (Doc. No. 52.)