UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HOSSEIN KAVEH; FARANAK SEDARAT; and BANOU AFSAR SEDARAT,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING STARBUCKS CORPORATION'S SHORT FORM DISCOVERY MOTION RE: RULE 35 PSYCHOLOGICAL EXAM (DOC. NO. 62)**<br><br>Case No. 2:24-cv-00291<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Hossein Kaveh, Faranak Sedarat, and Banou Afsar Sedarat filed this case against Starbucks Corporation, bringing discrimination and defamation claims in connection with an incident at a Starbucks location in Midvale, Utah.[1] According to Plaintiffs, as a result of Starbucks' discrimination and falsehoods, police officers ultimately ejected Plaintiffs from the Starbucks location and prohibited them from returning.[2] Claiming they suffered humiliation, embarrassment, and severe emotional distress, Plaintiffs seek $6 million in compensatory damages, in addition to punitive damages and other remedies.[3]

---

[1] (*See* First Am. Compl., Doc. No. 5.)

[2] (*See, e.g., id.* ¶¶ 10, 19–20, 30–37.)

[3] (*See id.* ¶¶ 37–38 & p. 18.)

Based in large part on this damages claim, Starbucks seeks psychological examinations of Plaintiffs.[4] Starbucks contends Plaintiffs' mental conditions are "in controversy" and good cause supports the examinations where Plaintiffs claim such a considerable sum in emotional distress damages.[5] But Starbucks has not shown Plaintiffs' mental conditions are genuinely in controversy, nor that any factors supporting psychological examinations apply here. Accordingly, Starbucks' motion is denied.

## LEGAL STANDARDS

Under Rule 35 of the Federal Rules of Civil Procedure, courts "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[6] The order "may be made only on motion for good cause and on notice to all parties and the person to be examined."[7]

Rule 35 "requires discriminating application."[8] While courts generally construe discovery rules liberally, "Rule 35 is consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment,

---

[4] (Starbucks Corp,'s Short Form Disc. Mot. Re: Rule 35 Psychol. Eval. (Mot.), Doc. No. 62.)

[5] (*Id.*)

[6] Fed. R. Civ. P. 35(a)(1).

[7] Fed. R. Civ. P. 35(a)(2)(A).

[8] *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

intimidation, or delay in what courts have described as the 'garden variety' cases."[9] "[C]onclusory allegations contained in pleadings" or "assertions of mere relevance to the case" do not satisfy the "in controversy" and "good cause" requirements of Rule 35.[10] Rather, the movant must affirmatively show "each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."[11]

"Garden variety" emotional distress damages are insufficient to place a plaintiff's mental condition "in controversy" for purposes of justifying a mental examination under Rule 35.[12] This includes "damages for mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, and inconvenience foreseeably flowing from defendant's actions."[13] Courts will not require a plaintiff to submit to a Rule 35 examination unless one or more of the following factors is present, in addition to a claim of emotional distress damages:

---

[9] *Smith v. Potter*, No. 05-2149, 2006 U.S. Dist. LEXIS 26461, at *2–3 (D. Kan. May 2, 2006) (unpublished) (citing *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003); *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998)).

[10] *LeFave v. Symbios, Inc.*, No. 99-Z-1217, 2000 U.S. Dist. LEXIS 22278, at *12 (D. Colo. Apr. 12, 2000) (unpublished) (citing *Schlagenhauf*, 379 U.S. at 118).

[11] *Id.* (citing *Schlagenhauf*, 379 U.S. at 118.)

[12] *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554, 2008 U.S. Dist. LEXIS 73318, at *10 (D. Kan. Sept. 23, 2008) (unpublished) (citing *Thiessen*, 178 F.R.D. at 569); *Fergus v. Faith Home Healthcare, Inc.*, No. 2:18-cv-02330, 2019 U.S. Dist. LEXIS 37503, at *5 (D. Kan. Mar. 8, 2019) (unpublished).

[13] *Kankam*, 2008 U.S. Dist. LEXIS 73318, at *10 (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659 (D. Kan. 2004)).

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) plaintiff concedes that his mental condition is "in controversy" within the meaning of Fed. R. Civ. P. 35(a).[14]

## ANALYSIS

Starbucks has not justified Rule 35 examinations of Plaintiffs under these factors. The first and second factors are unmet because Plaintiffs do not assert a specific cause of action for intentional or negligent infliction of emotional distress, nor do they allege a specific mental or psychiatric injury or disorder.[15] The fourth factor is unmet because Plaintiffs have confirmed they "do not intend to offer expert testimony for their emotional distress damages" and, instead, will rely on their own testimony and that of lay

---

[14] *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998). Some courts address these factors under the "in controversy" requirement, *see, e.g.*, *id.*, while others address them under the "good cause" requirement, *see, e.g.*, *Kankam*, 2008 U.S. Dist. LEXIS 73318, at *15–16; *LeFave*, 2000 U.S. Dist. LEXIS 22278, at *13. Other courts acknowledge these requirements "implicate the same factors" and consider them together. *See, e.g.*, *Waller v. Lovingier*, No. 1:14-cv-02109, 2016 U.S. Dist. LEXIS 49548, at *7 (D. Colo. Apr. 12, 2016) (unpublished). Starbucks' motion fails under any of these approaches, where none of the factors justifying a Rule 35 examination are present.

[15] (*See* First Am. Compl., Doc. No. 5.)

witnesses.[16]  And the fifth factor is unmet because Plaintiffs do not concede their mental conditions are in controversy.[17]

Only the third factor is at issue—whether Plaintiffs have claimed unusually severe emotional distress.  Starbucks argues this factor is met by Plaintiffs' claim of $6 million in damages for emotional distress.[18]  According to Starbucks, these claimed damages, "the crux of the case," place Plaintiffs' mental condition in controversy.[19]  Starbucks contends a psychological examination is necessary to defend against these claimed damages.[20]  As Starbucks notes, Plaintiffs allege "significant suffering, humiliation, embarrassment, and severe and irreparable emotional distress" in the complaint.[21]  And Starbucks points to Plaintiffs' disclosures and discovery responses describing their emotional harm as "continued" and "ongoing," including "feelings of sadness, worry, unease, and general emotional pain in their day-to-day lives."[22]  But for

---

[16] (Pls.' Notice Re. Expert Test. on Emotional Distress Damages (Notice), Doc. No. 73.) Plaintiffs reserve the right to offer rebuttal expert testimony as set forth in their notice.

[17] Starbucks asserts in its motion that "[t]here is no dispute that Plaintiffs' mental condition (emotional/psychological) is in controversy."  (Mot. 2, Doc. No. 62.)  But Plaintiffs expressly dispute this.  (Resp. 1–2, Doc. No. 69.)

[18] (Starbucks Corporation's Reply in Support of Short Form Disc. Mot. Re. Rule 35 Psychol. Eval. (Reply), Doc. No. 72; *see also* Mot. 1–2, Doc. No. 62.)

[19] (Reply 2, Doc. No. 72.)

[20] (Mot. 2, Doc. No. 62.)

[21] (First Am. Compl. ¶ 38, Doc. No. 5.)

[22] (Mot. 1, Doc. No. 62 (quoting Pls.' Initial Disclosures, Doc. No. 51-1 at 3; Pls.' Resp. to Interrog. No. 6, Doc. No. 51-2 at 12); *see also* Reply 2–3, Doc. No. 72.)

their part, Plaintiffs contend their damages "represent ordinary distress any person would experience from discriminatory treatment in a place of public accommodation."[23] They maintain they have not claimed "unusually severe" distress.[24]

Starbucks has not shown the amount of damages claimed justifies Rule 35 examinations. Courts have rejected the notion that the amount of damages claimed for emotional distress is sufficient, on its own, to merit a Rule 35 examination. In *Fox v. Gates Corporation*,[25] for example, the plaintiff brought an employment discrimination action against a prospective employer, seeking damages for "emotional distress, pain and suffering, humiliation, embarrassment and anguish."[26] Finding none of the five factors justified a Rule 35 examination, the court noted the plaintiff's damages were "garden variety."[27] The court specifically rejected the defendant's reliance on the amount of damages, finding "the amount of emotional distress damages claimed by plaintiff is insufficient, without more, to justify [an examination] under Rule 35(a)."[28] Similarly, in *Turner v. Imperial Stores*,[29] a plaintiff in a wrongful termination action sought damages "in excess of one million dollars for humiliation, mental anguish, and

---

[23] (Resp. 2, Doc. No. 69.)

[24] (*Id.*)

[25] 179 F.R.D. 303.

[26] *Id.* at 304.

[27] *Id.* at 307–08.

[28] *Id.* at 308.

[29] 161 F.R.D. 89 (S.D. Cal. 1995).

emotional distress."[30]  Rejecting the request for an independent medical evaluation, the court noted, "[a] claim for damages in this amount, without more, does not alter this court's conclusion that Turner's claim for damages for emotional distress is basically a 'garden-variety' one."[31]

That Plaintiffs have described their damages as "severe" and "ongoing" does not change this.  This characterization does not establish a claim of "unusually severe" emotional distress.  For instance, in *LaFave v. Symbios, Inc.*,[32] a plaintiff in an employment discrimination case claimed emotional distress damages for "sever [sic] and lasting embarrassment, humiliation and anguish," and pain and suffering.[33]  Notwithstanding the use of the terms "severe" and "lasting" in the complaint, the court found the plaintiff did not claim unusually severe emotional distress.[34]  Where no other factors were met, the court denied a request for a Rule 35 examination.[35]

In support of its position, Starbucks relies on *Von Collenberg v. Silverado Academy, LLC*.[36]  In *Von Collenberg*, the court found the plaintiffs put their mental

---

[30] *Id.* at 97 (internal quotation marks omitted).

[31] *Id.*

[32] 2000 U.S. Dist. LEXIS 22278.

[33] *Id.* at *1–2 (alteration in original).

[34] *Id.* at *13–14.  Among other things, the court noted the plaintiff had not indicated an intent to support her claims with expert testimony.  *Id.* at *14.

[35] *Id.*

[36] No. 2:11-cv-574, 2014 U.S. Dist. LEXIS 12204 (D. Utah Jan. 30, 2014) (unpublished).

conditions in controversy where their complaint alleged "severe psychological, mental and emotional injuries including distress, fear, humiliation, injury to self-esteem, confusion, intimidation, and additional and other injuries."[37] But the *Von Collenberg* decision does not reflect application of the five-factor test utilized by other courts. And the court suggested the plaintiffs intended to support their damages claims with medical evidence, noting "Defendant should not be required to rely upon depositions of Plaintiffs' health-care professionals to rebut Plaintiffs' claims concerning their mental states."[38] Here, Plaintiffs "seek no healthcare-related damages."[39] And they intend to rely only on lay witness testimony.[40]

The other cases Starbucks cites are likewise distinguishable. In *Rael v. Chavez*,[41] the court found a Rule 35 examination justified where the plaintiff "alleged a variety of specific psychological ailments" including "post-traumatic stress disorder, night terrors, panic attacks, severe anxiety, depression, and insomnia."[42] And in *Thiessen v. GE Capital Corporation*,[43] the court found the plaintiff placed his mental condition in controversy where he testified the defendants' misconduct caused health

---

[37] *Id.* at *18–19.

[38] *Id.* at *19.

[39] (Resp. 2, Doc. No. 69.)

[40] (Notice, Doc. No. 73.)

[41] No. 13-249, 2014 U.S. Dist. LEXIS 192559 (D.N.M. May 20, 2014) (unpublished).

[42] *Id.* at *3.

[43] 178 F.R.D. 568.

problems, "including water in his lungs and congestive heart failure"; he complained of sleep issues and fatigue; and said "he experienced, and still experiences, periods of great sadness or depression as a result of defendants' actions."[44]  Unlike in these cases, Plaintiffs have not identified specific, diagnosable physical or psychiatric conditions caused by Starbucks' conduct.

Starbucks also relies on *Schlenker v. City of Arvada*.[45]  In *Schlenker*, the court found "unique facts and circumstances" justified a Rule 35 examination, including the fact that the plaintiff had preexisting psychiatric conditions which defendants contended caused the claimed injuries.[46]  Where the parties agreed the plaintiff could only recover for any additional pain caused by the incident—not for preexisting conditions—the court found the plaintiff's mental condition "inextricably intertwined with the full story which is expected to unfold at trial."[47]  These facts are not present here.  Starbucks' cited cases do not support its argument that Plaintiffs are claiming unusually severe emotional distress in this case.[48]

---

[44] *Id.* at 570.

[45] No. 09-cv-01189, 2010 U.S. Dist. LEXIS 61840 (D. Colo. June 2, 2010) (unpublished).

[46] *Id.* at *4, 22–23.

[47] *Id.* at *22–24.  Additionally, the court found "[e]very critical disputed fact of this case revolves around whether Plaintiff was accurately perceiving the events at issue, or whether his observations, reactions and judgment were somehow impaired."  *Id.* at *24.

[48] Starbucks also cites an out-of-circuit case, *Kaytor v. Electric Boat Corporation*, No. 3:06CV01953, 2007 U.S. Dist. LEXIS 90696 (D. Conn. Dec. 11, 2007) (unpublished).  This case is also distinguishable.  In *Kaytor*, the court found the plaintiff's $10 million

In sum, Plaintiffs' claim for emotional distress damages—based on humiliation, embarrassment, fear, sadness, worry, and general emotional pain—is a "garden variety" claim. Neither the amount of claimed damages nor Plaintiffs' use of the terms "severe" and "ongoing" demonstrate their emotional distress claim is unusually severe. Accordingly, the third factor is not met. Where none of the factors justifying a Rule 35 examination are present, Starbucks' motion is denied.

### CONCLUSION

Starbucks' motion[49] for psychological examinations pursuant to Rule 35 of the Federal Rules of Civil Procedure is denied.

DATED this 3rd day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

damages claim indicated she was alleging "unusually severe emotional distress." *Id.* at *9. But in finding a Rule 35 examination justified, the court also relied on the fact that the plaintiff had "seen a number of medical professionals and ha[d] taken a variety of different medicines in relation to her claims," and she was still "taking medication because of the alleged stress and harassment she experienced at work." *Id.* And the court found one of the plaintiff's claims (a retaliation claim for refusing to submit to a psychiatric evaluation) specifically put her mental condition in controversy. *Id.* at *9–10. Aside from the amount of damages claimed, the factors relied on in *Kaytor* are not present here.

[49] (Doc. No. 62.)