UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HOSSEIN KAVEH; FARANAK SEDARAT; and BANOU AFSAR SEDARAT,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STARBUCKS CORPORATION'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES**<br>**(DOC. NO. 63)**<br><br>Case No. 2:24-cv-00291<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

  Hossein Kaveh, Faranak Sedarat, and Banou Afsar Sedarat filed this case against Starbucks Corporation, bringing discrimination and defamation claims in connection with a November 2023 incident at a Starbucks location in Midvale, Utah.[1] Starbucks seeks to compel Plaintiffs to provide supplemental responses to discovery requests seeking their medical records and information regarding their medical treatment since 2019.[2] Plaintiffs were previously ordered to provide responsive information and documents by June 27, 2025.[3] Plaintiffs oppose the motion, arguing

---

[1] (*See* First Am. Compl., Doc. No. 5.)

[2] (Starbucks Corp.'s Short Form Disc. Mot. Re: Pls.' Failure to Provide Supp'l Resps. to Interrog. 8–10 and RFP 7 As Ordered By the Ct. Dkt 47 (Mot.), Doc. No. 63.)

[3] (Order Granting in Part and Den. in Part Starbucks Corp.'s Short Form Disc. Mot. Re: Pls.' Deficient Discls. and Resps. (June 18, 2025 Order) 6–7, 9, Doc. No. 47.)

they adequately responded to these requests.[4] Because Starbucks has shown Plaintiffs' responses were inadequate, Starbucks' motion is granted.

Interrogatories 8, 9, and 10 ask Plaintiffs to identify medical providers, medical facilities, and pharmacies from which they have received treatment or medication, from 2019 to present—including any treatment related to their alleged injuries in this case.[5] RFP 7 seeks Plaintiffs' medical records relating to "injuries and symptoms, whether physical, mental, or emotional, experienced since the alleged incident and which you claim have been caused, aggravated, or otherwise contributed to by the alleged incident."[6] The court previously found the requested information and documents relevant and discoverable because Plaintiffs seek emotional distress damages, and Plaintiffs were ordered to fully respond by June 27, 2025.[7]

Plaintiffs provided interrogatory responses and medical records on June 28, and supplemental interrogatory responses July 14.[8] Starbucks contends these responses are still deficient because (1) the interrogatory responses fail to identify providers, hospitals, or pharmacies before 2024, and (2) the medical records are improperly redacted.[9] In opposition, Plaintiffs assert Starbucks has misrepresented the facts and

---

[4] (Pls.' Resp. to Def.'s Short Form Disc. Mot. (Resp.), Doc. No. 71.)

[5] (See Starbucks' First Set of Disc. Reqs. 5–6, Doc. No. 42-1.)

[6] (See id. at 3–4.)

[7] (June 18, 2025 Order 6–7, 9, Doc. No. 47.)

[8] (See Mot. 1–2, Doc. No. 63.)

[9] (Id.) Starbucks previously filed a motion for sanctions relating to the June 28 response, (Doc. No. 52), which was denied, (see Doc. No. 55).

2

they have substantially complied with the court's prior order.[10]  Plaintiffs also request Rule 11 sanctions against Starbucks.[11]  Each issue is addressed in turn.

1. *Interrogatory Responses*

Starbucks asserts Plaintiffs' interrogatory responses are incomplete because they fail to identify any medical providers, facilities, or pharmacies before 2024.[12] Plaintiffs contend they adequately responded because Faranak Sedarat and Banou Afsar Sedarat provided medical records dating back to 2019, and Hossein Kaveh is working to "investigate and supplement" pre-2024 records.[13]

Rule 33(d) of the Federal Rules of Civil Procedure allows parties to respond to interrogatories by producing business records in certain circumstances.[14]  But "[t]his

---

[10] (Resp. 1–2, Doc. No. 71.)

[11] (*Id.* at 2–3.)

[12] (Mot. 1–2, Doc. No. 63.)  Starbucks also asserts the June 28 responses were unverified, (*id.* at 1), but Plaintiffs contend they provided verification signatures on July 7.  (Resp. 2, Doc. No. 71.)  Starbucks does not contend the July 14 supplemental responses were unverified, and they do not seek any relief relating to verification. Accordingly, the verification issue appears to be resolved.

[13] (Resp. 1, Doc. No. 71.)

[14] Specifically, Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

allowance only applies 'to the business records of the party upon whom the interrogatory has been served.'"[15] Thus, "the only party who can reference medical records as business records in response to an interrogatory is the medical provider who created the record," not the person who received treatment.[16]

Because Plaintiffs' medical records are not their own business records, Rule 33(d) does not apply. Plaintiffs may not respond to the interrogatories at issue by referencing their medical records. (And even if Rule 33(d) applied, Plaintiffs' interrogatory responses fail to "specify[] the records that must be reviewed"[17] as the rule requires—the responses contain no reference to medical records.[18])

Plaintiffs' interrogatory responses are otherwise inadequate. The responses to Interrogatories 8 and 9 list medical providers and facilities for treatment Plaintiffs received in 2024 and 2025, but they contain no responsive information for 2019 through

---

      (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

[15] *Witt v. Dixie Freight Sys.*, No. 2:15-cv-524, 2016 U.S. Dist. LEXIS 166013, at *10 (D. Utah Nov. 30, 2016) (unpublished) (quoting *Bradley v. Val-Mejias*, No. 00-2395, 2001 U.S. Dist. LEXIS 25278, at *6 (D. Kan. Oct. 9, 2001) (unpublished)).

[16] *Id.*; *see also Gutwein v. Taos Cty. Det. Ctr.*, No. CV 15-672, 2016 U.S. Dist. LEXIS 144372, at *6 n.2 (D.N.M. Oct. 18, 2016) (unpublished) ("Gutwein's medical records do not appear to be his own business records, which would render them [ineligible] for the election under Rule 33(d).").

[17] Fed. R. Civ. P. 33(d)(1).

[18] (*See* June 28, 2025 Interrog. Resps., Doc. No. 52-1 (sealed); July 14, 2025 Interrog. Resps., Doc. No. 65 (sealed).)

2023.[19]  Likewise, the responses to Interrogatory 10 (regarding pharmacies and medications) contain no responsive information for Hossein Kaveh before 2024, and the information relating to Faranak Sedarat is limited to 2021 and 2022.[20]  In short, Plaintiffs failed to provide responsive information for the entire requested date range as to each plaintiff.  Accordingly, Plaintiffs must provide full supplemental responses to Interrogatories 8 through 10 within fourteen days.

2. Medical Records

Starbucks next argues Plaintiffs improperly redacted medical records produced in response to RFP 7, and they ask the court to compel Plaintiffs to produce unredacted records.[21]  Plaintiffs contend the redactions are appropriate because they only redacted material predating January 1, 2019, which is outside the temporal scope of the request and the court's prior order.[22]

"Generally, parties may not unilaterally redact information from documents [they] produce[] because they deem the information to be irrelevant or non-responsive."[23]  Rule 34 of the Federal Rules of Procedure "requires a party to produce or permit inspection of responsive *documents*, not just relevant information contained in those

---

[19] (*See* June 28, 2025 Interrog. Resps., Doc. No. 52-1 (sealed); July 14, 2025 Interrog. Resps., Doc. No. 65 (sealed).)

[20] (*See* June 28, 2025 Interrog. Resps., Doc. No. 52-1 (sealed); July 14, 2025 Interrog. Resps., Doc. No. 65 (sealed).)

[21] (Mot. 1–2, Doc. No. 63.)

[22] (Resp. 2, Doc. No. 71.)

[23] *Edelman Fin. Engines, LLC v. Mariner Wealth Advisors LLC*, No. 23-2515, 2025 U.S. Dist. LEXIS 10201, at *10 (D. Kan. Jan. 21, 2025) (unpublished).

documents."[24]  "Allowing unilateral redactions would invite additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases."[25]  "In most cases, redactions are unnecessary and disruptive to the case because parties are usually not harmed by producing irrelevant or sensitive information already subject to a protective order."[26]

Plaintiffs have not articulated any basis to deviate from this approach.  The fact that responsive medical records may contain some information outside the requested timeframe does not justify unilateral redactions—particularly where such records are subject to the District of Utah's Standard Protective Order.[27]  Accordingly, Plaintiffs must produce medical records responsive to RFP 7 without redactions within seven days.

3. *Plaintiffs' Request for Rule 11 Sanctions*

Plaintiffs' request Rule 11 sanctions, made in their response, is denied as procedurally improper.  The District of Utah's local rules prohibit parties from making a motion in a response brief.[28]  And Rule 11 itself provides that a motion for sanctions "must be made separately from any other motion."[29]  Further, Plaintiffs have not demonstrated they complied with the safe harbor provisions of Rule 11, which require a party seeking sanctions to first serve the motion and give the other party twenty-one

---

[24] *Id.* (citation omitted).

[25] *Id.* (internal quotation marks omitted).

[26] *Id.*

[27] *See* DUCivR 26-2(a).

[28] DUCivR 7-1(a)(3).

[29] Fed R. Civ. P. 11(c)(2).

days to correct the alleged violation before filing the motion for sanctions.[30]

Accordingly, Plaintiffs' request for Rule 11 sanctions is denied.[31]

### CONCLUSION

Starbucks' motion to compel[32] is granted, and the court ORDERS as follows:

1. Plaintiffs must produce medical records responsive to RFP 7 without redactions within seven days.

2. Plaintiffs must provide full supplemental responses to Interrogatories 8 through 10 within fourteen days.

DATED this 3rd day of October, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[30] *Id.*

[31] Aside from being procedurally improper, Plaintiffs' argument that Rule 11 sanctions are appropriate—because Starbucks' motion is meritless and unreasonable—fails where Starbucks' motion is granted.

[32] (Doc. No. 63.)